# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3861

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Douglas E. Morse, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 26, 1999
Filed: October 28, 1999

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After Douglas Morse pleaded guilty to possession of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), the district court[1] sentenced him to 36 months imprisonment and 3 years supervised release. He began serving his supervised release in 1994. In October 1998, the district court concluded Morse had violated his supervised release, and revoked it, after Morse served a term of imprisonment based upon a Minnesota conviction for criminal sexual conduct. The district court sentenced

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Morse to 4 months imprisonment and 20 months additional supervised release. Morse now appeals.

After a thorough review of the record, we reject Morse's argument that the district court violated his due process rights and Federal Rule of Criminal Procedure 32.1 by refusing to allow him to introduce evidence challenging his state court conviction. We also conclude the government's certified copy of Morse's state court judgment of conviction was sufficient proof that he had committed a state crime during his term of supervised release. See United States v. Hofierka, 83 F.3d 357, 363 (11th Cir. 1996), cert. denied, 519 U.S. 1071 (1997); cf. United States v. Valdez, 146 F.3d 547, 552 (8th Cir.), cert. denied, 119 S. Ct. 355 (1998); United States v. Gentile, 610 F.2d 541, 542 (8th Cir. 1979).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.